Houston, J,
Plaintiff Raffi Donoyan (“Donoyan”) brought this action against the defendants, the City of Waltham (“Waltham”) and the School Department of the City of Waltham (“Department”). Donoyan alleges that he was injured when struck by a pole which was under the control of an employee of the Central Junior High School (“School") in Waltham, Massachusetts. The School employee was moving a volleyball net and allegedly struck Donoyan with a pole used to support the nets. Donoyan brings his claims pursuant to G.L.c. 258, the Massachusetts Torts Claims Act. Waltham and the Department seek to dismiss Count II of the complaint on the grounds that Donoyan seeks to recover twice from the same entity: once from Waltham and once from Waltham in the name of the Department. Waltham and the Department assert that the employee, who was responsible for moving the equipment which caused Donoyan’s injuries, as a member of the Waltham School Department, is employed by and would be indemnified by Waltham if found liable for Donoyan’s injuries.
The Massachusetts Torts Claims Act states that “(w]ith respect to public employees of a school committee of a city or town, the public employer for the purposes of this chapter shall be deemed to be said respective ciiy or town.” G.L.c. 258, §1. The school committee of a city or town is in charge of and manages the public schools therein. 18A Randall and Franklin, *67 M.P.S. Municipal Law Section 884 (1993); G.L.c. 71, §37.[2] The Department, therefore, is under the aegis of Waltham for the purposes of the Massachusetts Torts Claims Act and this action.
ORDER
For the foregoing reasons, it is hereby ORDERED that Waltham and the Department’s Motion to Dismiss Count II of the Complaint is ALLOWED.

 Regarding the powers and duties of a school committee, “[i]t shall have general charge of all the public schools, including the evening schools and evening high schools, and of vocational schools and departments when not otherwise provided for.” G.L.c. 71, §37.